Lawrence R. LaPorte (State Bar No. 130,003)
*llaporte@manatt.com*
MANATT, PHELPS & PHILLIPS, LLP
11355 West Olympic Boulevard
Los Angeles, CA 90064
Telephone: (310) 312-4000
Facsimile: (310) 312-4224

Charles A. Kertell (State Bar No. 181,214)
*ckertell@manatt.com*
MANATT, PHELPS & PHILLIPS, LLP
695 Town Center Drive, 14th Floor
Costa Mesa, CA 92626
Telephone: (714) 371-2500
Facsimile: (714) 371-2550

Attorneys for Plaintiff
CAMCAL ENTERPRISES, LLC dba
BOTTLEKEEPER

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

CAMCAL ENTERPRISES, LLC dba BOTTLEKEEPER, an Arizona limited liability company,

Plaintiff,

v.

CORLAY, LLC, a California limited liability company,

Defendant.

Case No.: 2:17-cv-02547

**COMPLAINT FOR PATENT INFRINGEMENT**

**JURY TRIAL DEMANDED**

Plaintiff CamCal Enterprises, LLC dba BottleKeeper ("BottleKeeper") files this Complaint against defendant Corlay, LLC ("Defendant"), and demanding a trial by jury alleges as follows:

**JURISDICTION AND VENUE**

1. This is an action for patent infringement, which arises under the patent laws of the United States, Title 35, United States Code. The Court has original jurisdiction over the subject matter of this action pursuant to the provisions of 28 U.S.C. §§1331 and 1338(a).

2. Upon information and belief, venue is proper under 28 U.S.C. §§1391(b) and 1391(c), as well as 28 U.S.C. §1400(b).

**THE PARTIES**

3. BottleKeeper is a limited liability company organized under the laws of the State of Arizona and has a place of business at 1600 Rosecrans Avenue, Media Center, 4th Floor, Manhattan Beach, California 90266.

4. Upon information and belief, Defendant is a limited liability company organized under the laws of the State of California and has its principal place of business at 10001 Nita Avenue, Chatsworth, California 91311.

5. Upon information and belief, Defendant resides in this district under 28 U.S.C. §1391. In particular, Defendant does business in this district and a substantial part of the events giving rise to the claims in this case occurred in this district.

**THE CAUSE OF ACTION**

**(Patent Infringement – 35 U.S.C. §271, et seq.)**

**(United States Patent No. 9,505,527)**

6. BottleKeeper repeats, realleges, and incorporates by reference, as though fully set forth herein, the allegations contained in paragraphs 1-5, above.

7. On November 29, 2016, United States Patent No. 9,505,527 ("the '527 patent"), entitled "Protective Bottle Enclosure," was duly and legally issued in the

name of Matthew T. Campbell. By virtue of proper assignment, BottleKeeper has acquired and duly owns all right, title, and interest in this patent, including the right to sue and recover for infringement thereof. A copy of the '527 patent is attached hereto as **Exhibit 1**.

8. Upon information and belief, Defendant has notice of BottleKeeper's rights in the '527 patent.

9. Defendant has engaged, and continues to engage, in the business of manufacturing, using, importing, offering for sale, and/or selling bottle enclosures embodying one or more of the patented inventions disclosed and claimed in the '527 patent (the "Infringing Products"). Upon information and belief, the Infringing Products include, without limitation, Defendant's "Stainless Steel Bottle Koozie." Copies of relevant pages from Defendant's Internet website (www.corlayliving.com) are attached hereto as **Exhibit 2**.

10. Defendant has directly infringed, and continues to directly infringe, one or more claims of the '527 patent (including, but not limited to, claim 1) under 35 U.S.C. §271(a) by manufacturing, using, offering for sale, and/or selling one or more of the Infringing Products in the United States, and/or by importing one or more of the Infringing Products into the United States.

11. Defendant's continuing infringement has inflicted and, unless restrained by this Court, will continue to inflict great and irreparable harm upon BottleKeeper. BottleKeeper has no adequate remedy at law, and is entitled to preliminary and permanent injunctions enjoining Defendant from engaging in further acts of infringement.

12. As a direct and proximate result of the foregoing acts of Defendant, BottleKeeper has suffered, and is entitled to, monetary damages in an amount not yet determined. BottleKeeper is also entitled to its costs of suit and interest.

13. Upon information and belief, Defendant's acts were in conscious and willful disregard for BottleKeeper's rights, and the resulting damage to

BottleKeeper is such as to warrant the trebling of damages to provide just compensation.

## PRAYER FOR RELIEF

WHEREFORE, BottleKeeper respectfully demands judgment:

1. That Defendant, its officers, directors, agents, servants, employees, attorneys, confederates, and all persons and/or entities acting for, with, by, through, or in concert with them, or any of them, be enjoined preliminarily and permanently from infringing the '527 patent.

2. That Defendant be required to deliver up to the Court any and all products in its possession, custody, and/or control that infringe the '527 patent.

3. That Defendant be required to prepare and deliver to the Court a complete list of entities from whom Defendant purchased, and to whom it distributed and/or sold, products that infringe the '527 patent.

4. That Defendant be required to deliver to the Court any and all documents reflecting or relating to the manufacture, purchase, sale, and/or distribution of any products that infringe the '527 patent.

5. That Defendant, within thirty (30) days after service of judgment with notice of entry thereof upon it, be required to file with the Court and serve upon BottleKeeper's attorneys a written report, under oath, setting forth in detail the manner in which Defendant has complied with paragraphs 1-4, above.

6. That BottleKeeper be awarded compensatory damages for infringement of the '527 patent in an amount to be determined at trial, as well as interest thereon;

7. That BottleKeeper be awarded costs of this suit;

8. That, if the Court determines Defendant's infringement is willful, BottleKeeper be entitled to collect enhanced damages up to three times the actual damages found or assessed;

9. That the Court declare this an exceptional case under 35 U.S.C. §285 and award BottleKeeper its attorneys' fees and any other costs incurred in connection with this action; and

10. That the Court grant such further relief to BottleKeeper as the Court deems just and proper.

Dated: April 3, 2017

Respectfully submitted,

MANATT, PHELPS & PHILLIPS, LLP

By: */s/ Lawrence R. LaPorte*
Lawrence R. LaPorte

Attorneys for Plaintiff
CAMCAL ENTERPRISES, LLC
dba BOTTLEKEEPER

**DEMAND FOR JURY TRIAL**

Pursuant to Federal Rule of Civil Procedure 38(b) and Local Rule 38-1 of the Central District of California, plaintiff CamCal Enterprises, LLC dba BottleKeeper hereby demands a trial by jury on all issues triable in this action.

Dated: April 3, 2017

Respectfully submitted,

MANATT, PHELPS & PHILLIPS, LLP

By: */s/ Lawrence R. LaPorte*
Lawrence R. LaPorte

Attorneys for Plaintiff
CAMCAL ENTERPRISES, LLC
dba BOTTLEKEEPER